## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Southern Tide, LLC, ) | Civil Action No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Southern Marsh Collection, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

Southern Tide, LLC, for its Complaint against the Defendant, alleges:

## THE PARTIES

1. Southern Tide is a South Carolina limited liability company with a principal place of business located at 68 Pointe Circle, Suite 3202, Greenville, South Carolina.

2. Defendant is a Louisiana limited liability company with a principal place of business located at 2507 Highland Road, Baton Rouge, Louisiana.

## NATURE OF ACTION

3. This action arises under 15 U.S.C. § 1051 et seq. and 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§1119 and 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §§ 1331 (federal question), 1338 (trademarks and unfair competition), and 2201 (declaratory judgments).

1

5. The Defendant conducts and transacts business in South Carolina, contracts in South Carolina to supply goods to South Carolinians, and enters into contracts to be performed in whole or in part by either party in South Carolina, and thus confers this Court with jurisdiction over the Defendant.

6. Venue is proper in this District in that Defendant conducts business in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

7. Southern Tide sells apparel. Southern Tide sells its apparel through various channels, including on its website. In displaying its apparel on this medium, Southern Tide identifies its apparel by different styles, patterns, and colors. One such style is the "dockside." Southern Tide is one of many apparel companies that employ this term as a style of clothing.

8. Defendant has asserted, through its lawyers at a law firm named Haynes and Boone, LLP, that Defendant has proprietary rights in the term "dockside." Defendant has no federal registration for this alleged mark.

9. Defendant has further asserted that Southern Tide "is infringing upon [Defendant's] valuable DOCKSIDE trademark."

10. Defendant has further asserted the Southern Tide's "appropriation of … the DOCKSIDE trademark constitutes trademark infringement, trademark dilution, and unfair competition … which entitles Southern Marsh to both injunctive and monetary relief…."

11.     Defendant has demanded that Southern Tide:

> Cease any and all use of the DOCKSIDE trademark and any terms confusingly similar thereto in any trademark, logo, web materials, company name, domain name, social networking handles (including Facebook, Twitter, and Instagram), signage, and collateral materials;

12.     Defendant has further demanded that Southern Tide:

> Destroy and withdraw all apparel bearing the DOCKSIDE trademark; and

13.     Defendant has still further demanded that Southern Tide:

> Provide us with an accounting of your profits.

14.     Accompanying the foregoing, Defendant has written to Southern Tide, "[I]f you do not immediately comply with our requests, our client has instructed us to file a lawsuit seeking injunctive and monetary relief."

## THE SOUTHERN TIDE TRADEMARKS

15.     Southern Tide and its predecessors in interest have been manufacturing, offering for sale and selling clothing since at least 2006. Since 2006, Southern Tide has grown exponentially in sales and is well-known nationwide as providing quality clothing in connection with its distinctive clothing brands.

16.     Southern Tide's clothing trademarks include the word mark SOUTHERN TIDE in connection with its clothing goods. The SOUTHERN TIDE mark is federally registered (U. S. Federal Registration No. 3237648), as well as numerous other related marks.

17.     As a result of Southern Tide's extensive and prolonged use, substantial sales, and significant advertising and promotional efforts for Southern Tide's clothing brands, Southern Tide's trademarks have become well-known to consumers and the

3

general public throughout the United States, and Southern Tide has established extensive public recognition in and to Southern Tide's SOUTHERN TIDE and related marks as exclusive identifications of Southern Tide (collectively the "Southern Tide Marks") and Southern Tide's goods.

18.     Southern Tide has developed substantial goodwill in the Southern Tide Marks. Consumers associate the Southern Tide Marks with Southern Tide's clothing and other items, which are of high quality and superior design. The Southern Tide Marks, the Southern Tide trade name, and related service marks, designs and symbols are business assets of immense value to Southern Tide.

19.     Southern Tide's use of the mark SOUTHERN TIDE in connection with apparel is well-known and distinctive. As a result of the advertising, offering for sale, and selling of goods bearing the Southern Tide Marks, consumers and the public have come to associate the Southern Tide Marks exclusively with Southern Tide and Southern Tide's goods.

20.     Upon information and belief, Defendant adopted and began using the mark SOUTHERN MARSH for the purpose of trading on the reputation and goodwill previously established by Southern Tide. Defendant currently owns the following federal registrations in connection with this mark and its various permutations: U. S. Registration Nos. 3749374, 4513656, 4513656, 4320146, 4358000, 4358005, and 4375212.

21.     Further, Defendant uses the phrase "The Original Southern Outfitter." This phrase is deceptive to the public and further trades on the goodwill of Southern

4

Tide. This phrase gives the impression that, among other apparel brands bearing the term "Southern," Defendant was the first, which it was not.

22. Defendant also uses other marks in a confusingly similar manner, including the composite mark "SOUTHERN MARSH" in proximity to the phrase "Red, White, and Blue." Southern Tide has priority in the mark "SOUTHERN TIDE RED, WHITE AND BLUE," which is believed to be confusingly similar to Southern Marsh's alleged mark.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

23. The allegations of paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. Under all the circumstances, there is an actual and substantial controversy between Southern Tide and Defendant, Southern Tide and Defendant having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. Southern Tide seeks a declaratory judgment from this Court that:

   a. Defendant has no proprietary rights, including but not limited to trademark rights, in the term "dockside";

   b. Southern Tide's use of "dockside" is not confusingly similar to Defendant's products and trademarks; and

   c. Southern Tide's products do not resemble Defendant's products and are not likely to confuse consumers as to the affiliation, connection, or

5

      association of Southern Tide's products with Defendant, or as to the origin, sponsorship, or approval of Southern Tide's products; and

d.   Southern Tide's use of the term "dockside" does not create a likelihood that consumers and retailers will believe Defendant's goods originate from Southern Tide; and

e.   Southern Tide has not offered for sale, advertised, and sold its products in bad faith or with the intent to benefit from and goodwill and reputation of the Defendant in the relevant market, has not deceived the public as to the source or origin of Southern Tide's products, and has not profited from demand created by Defendant's products; and

f.   Southern Tide has not infringed any trademarks owned by Defendant; and

g.   Southern Tide's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

h.   Southern Tide has not traded on goodwill associated with Defendant's trademarks; and

i.   Southern Tide has not caused any actionable damage to the Defendant; and

j.   Southern Tide has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Southern Tide's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

k.  Southern Tide is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Southern Tide's goods, or causing a likelihood of confusion as to Southern Tide's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

l.  Southern Tide has not engaged in unfair or deceptive trade practices as to the Defendant; and

m.  Southern Tide has not engaged in unfair competition with the Defendant; and

n.  Southern Tide's actions have not diluted Defendant's marks.

## SECOND CAUSE OF ACTION
### Trademark Infringement

26.  The allegations of paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27.  Without Southern Tide's permission, Defendant adopted and is currently using in connection with its apparel SOUTHERN MARSH and THE ORIGINAL SOUTHERN OUTFITTERS, which are confusingly similar to the Southern Tide Marks.

28.  Defendant is advertising and promoting its apparel to the general public.

29.  Defendant's products directly compete with those of Southern Tide and are sold to the same consumers as Southern Tide's goods.

30.  Upon information and belief, Defendant has sold, advertised, and transported its apparel and designs bearing the confusingly similar and related marks in interstate commerce.

7

31. As a direct consequence of Defendant's actions, consumers are likely to continue to be, deceived, confused, and/or mistaken as to the source, origin, sponsorship, and/or endorsement of Defendant's goods and their relationship to Southern Tide.

32. Upon information and belief, Defendant adopted and is currently using the infringing marks with full knowledge of Southern Tide's rights and with the intent to deceive, mislead, and confuse consumers into believing that Southern Tide is the source of Defendant's goods, or that Defendant's goods are sponsored by, licensed by, or otherwise affiliated with Southern Tide, so as to trade on the substantial fame, reputation, and goodwill associated with the Southern Tide Marks.

33. Defendant's unlawful acts constitute trademark infringement in violation of the Lanham Act.

34. As a direct and proximate result of Defendant's unlawful acts and practices in violation of the Lanham Act, Southern Tide has suffered, and will continue to suffer damage to its business, reputation, and goodwill, for which Southern Tide is entitled to injunctive relief and to damages.

## THIRD CAUSE OF ACTION
### Unfair Competition

35. Southern Tide repeats and realleges paragraphs 1 through 34 above, as if fully set forth herein.

36. Southern Tide's continuous and substantially exclusive use of the Southern Tide Trademarks has established a strong association between these marks and Southern Tide in the minds of consumers and the general public.

37. Without Southern Tide's permission, Defendant has adopted and is continuing to use the marks SOUTHERN MARSH and THE ORIGINAL SOUTHERN OUTFITTERS on its goods, and is advertising and promoting to the general public goods bearing these marks and related marks, which are confusingly similar to the Southern Tide Marks.

38. Upon information and belief, Defendant has sold, advertised, and transported its goods bearing the confusingly similar marks in interstate commerce.

39. As a direct consequence of Defendant's actions, Southern Tide's customers and potential customers likely have been and will continue to be mistaken, deceived, or confused into believing that Defendant's goods were made by, licensed by, sponsored by, endorsed by, approved by, authorized by, or otherwise affiliated with Southern Tide.

40. Upon information and belief, Defendant has adopted and is currently using the confusingly similar marks with full knowledge of Southern Tide's rights and with the intent to deceive, mislead and confuse customers and the public into believing that Southern Tide is the source of Defendant's goods, or that Defendant's goods are sponsored by, endorsed by, licensed by, or affiliated with Southern Tide so as to enable Defendant to take advantage of the Southern Tide Marks, as well as the fame, reputation and goodwill enjoyed by Southern Tide in connection with the Southern Tide Marks.

41. Defendant's use of the confusingly similar marks constitutes false representation as to source in violation of the Lanham Act, 15 U.S.C. § 1125(a).

42. As a direct and proximate result of Defendant's unlawful acts and practices, Southern Tide has suffered, and will continue to suffer, damage to its business, reputation, and goodwill, for which Southern Tide is entitled to injunctive relief and to damages.

## FOURTH CAUSE OF ACTION
### Dilution Under The Lanham Act

43. Southern Tide repeats and realleges paragraphs 1 through 42 above, as if fully set forth herein.

44. Southern Tide has used the Southern Tide Marks extensively resulting in massive consumer recognition.  Southern Tide has made significant investment promoting and advertising its goods bearing the Southern Tide Marks on a nationwide basis, as well as internationally.  Southern Tide's goods are sold throughout the United States through a variety of channels of trade, including through the internet.  As a result of the foregoing, the Southern Tide Marks are famous.

45. Defendant uses of confusingly similar marks on its line of clothing, which is sold and offered for sale in the United States.

46. The Southern Tide Marks became famous well before Defendant's adoption and introduction these marks on Defendant's goods.

47. Defendant's use confusingly similar marks in connection with identical and/or similar goods has blurred and is likely to continue to blur the distinctive quality of the Southern Tide Marks.

48. Defendant's use of confusingly similar marks in connection with identical and/or similar goods has caused dilution of the distinctive quality of the Southern Tide Trademarks in violation of 15 U.S.C. § 1125(c).

49. As a direct and proximate result of Defendant's unlawful acts and practices, Southern Tide has suffered and will continue to suffer damage to its business, reputation and goodwill, for which Southern Tide is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

a. For a declaratory judgment that:

   i. Plaintiff's use of its duck likeness is not confusingly similar to the overall appearance of Defendant's products and trademarks; and

   ii. Plaintiff's products do not resemble Defendant's products and are not likely to confuse consumers as to the affiliation, connection, or association of Plaintiff's products with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's products; and

   iii. Plaintiff's use of the term "dockside" does not create a likelihood that consumers and retailers will believe Defendant's goods originate from Plaintiff; and

   iv. Plaintiff has not offered for sale, advertised, and sold its products in bad faith or with the intent to benefit from and goodwill and reputation of the Defendant in the relevant market, has not deceived the public as to the source or origin of Plaintiff's products,

and has not profited from demand created by Defendant's products; and

v. Plaintiff has not infringed any trademarks owned by Defendant; and

vi. Plaintiff's products are not likely to cause confusion, to cause mistake, or to deceive the consuming public; and

vii. Plaintiff has not traded on goodwill associated with Defendant's trademarks; and

viii. Plaintiff has not caused any actionable damage to the Defendant; and

ix. Plaintiff has not engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Defendant's and Plaintiff's goods, or an infringement of Defendant's trademark rights in violation of 15 U.S.C. § 1125(a); and

x. Plaintiff is not passing off its goods as those of Defendant, or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Plaintiff's goods, or causing a likelihood of confusion as to Plaintiff's affiliation, connection, or association with Defendant, or otherwise damaging the public; and

xi. Plaintiff has not engaged in unfair or deceptive trade practices as to the Defendant; and

      xii.    Plaintiff has not engaged in unfair competition with the Defendant; and

      xiii.    Plaintiff's actions have not diluted Defendant's marks; and

b.    That Defendant be enjoined from further marketing and sales of apparel that use the alleged mark "SOUTHERN MARSH," the alleged mark "THE ORIGINAL SOUTHERN OUTFITTERS," the alleged mark "RED, WHITE AND BLUE," and any other mark confusingly similar to those of Plaintiff; and

c.    That Defendant be ordered and required to reimburse Plaintiff for all damages it has suffered by reason of Defendant's acts complained of herein and to remit to Plaintiff exemplary and treble damages as allowed by statutes and laws made and provided; and

d.    That Plaintiff be awarded any profits obtained by Defendant associated with the acts described herein; and

e.    That Plaintiff be awarded pre-judgment interest on any damages awarded to Plaintiff; and

f.    That Defendant be ordered and required to pay punitive damages for its acts described herein; and

g.    That Defendant be ordered and required to pay all costs associated with this action, including attorneys fees incurred by Plaintiff; and

h.    That Defendant's U. S. Registration Nos. 3749374, 4513656, 4513656, 4320146, 4358000, 4358005, and 4375212 be cancelled; and

    i.    Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

NEXSEN PRUET, LLC

May 30, 2015

*s/ Timothy D. St.Clair*
Timothy D. St. Clair (Fed. ID # 4270)
Sara C. Kanos (Fed. ID # 9978)
P. O. Drawer 10648
Greenville, South Carolina 29603
Telephone: (864) 282-1181
Facsimile: (864) 477-2634
E-Mail: tstclair@nexsenpruet.com;
skanos@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF